THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELANIE E. DAMIAN, AS RECEIVER OF TODAY'S GROWTH CONSULTANT, INC. (d/b/a THE INCOME STORE),<br><br>　　　　　Plaintiff,<br>　　v.<br><br>RONALD A. FOSSUM, JR.,<br><br>　　　　　Defendant. | CASE NO. C20-1868-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 16) and Plaintiff's response[1] (Dkt. No. 20). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained below.

**I.　　BACKGROUND**

Plaintiff, the Receiver of Today's Growth Consultant Inc. ("TGC") (d/b/a "The Income Store"), brought this action against Defendant, seeking relief under Illinois's Uniform Fraudulent

---

[1] Plaintiff sought an extension of her deadline to file her response until September 7, 2021. (Dkt. No. 19.) By the time that motion noted on September 10, 2021 it was moot. Plaintiff filed her response on September 7, 2021. The Court would have granted the motion, finds that September 7, 2021 was a reasonable extension, and will consider Plaintiff's response (Dkt. No. 20) for the purposes of ruling on Defendant's motion (Dkt. No. 16).

Transfer Act[2] ("UFTA"), and damages for unjust enrichment, and aiding and abetting breaches of fiduciary duties. (*See* Dkt. No. 1.) The case relates to an underlying Securities and Exchange Commission ("SEC") action filed in the U.S. District Court for the Northern District of Illinois against Kenneth D. Courtright III and TGC in connection with their alleged operation of a Ponzi Scheme. *See SEC v. Today's Growth Consultant, Inc.*, No. 19-CV-08454, 2020 WL 7027724 (N.D. Ill. Nov. 30, 2020). In the underlying action, the court took control of TGC's assets and appointed Plaintiff as Receiver. *Id.* at *1.

On December 30, 2020, Plaintiff filed her complaint in this matter for (1) violations of Section 5(a)(1) of the UFTA, (2) violations of Section 5(a)(2) of the UFTA, (3) unjust enrichment, (4) aiding and abetting fraud, and (5) aiding and abetting breach of fiduciary duty. (Dkt. No. 1 at 11–18.) Plaintiff alleges that Defendant Fossum and Courtright were business partners, and that Fossum received fraudulent transfers of investor cash from TGC while simultaneously attempting to lure new investors to TGC. (Dkt. 1 at 9–10.) Defendant now moves to dismiss Plaintiff's complaint, arguing that Plaintiff fails to allege grounds constituting fraud with particularity. (Dkt. No. 16 at 1.) Further, Defendant argues Plaintiff is barred from relief by Defendant's previous bankruptcy discharge and that Plaintiff failed to include an indispensable party. (*Id.* at 4.)

## II. DISCUSSION

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2011). To survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In reviewing a motion to dismiss, the Court accepts the truth of the facts alleged in the complaint and draws all reasonable inferences from those facts in the plaintiff's

---
[2] 740 ILCS § 160.

favor. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). Although Rule 12(b)(6) requires the plaintiff to plead "detailed factual allegations," the allegations in the complaint must cross "the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 677. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B.  Claims Alleging Fraud

Defendant argues that Plaintiff fails to allege with particularity how he improperly received funds subject to this action. (Dkt. 16 at 3.) A party alleging fraud or mistake must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* He does not specify to which claims the heightened standard allegedly applies or challenge any specific claim as lacking the requisite particularity. (Dkt. 16 at 3.)

In cases where fraud is not a necessary element of a claim, but a plaintiff nonetheless frames the claims as a course of fraudulent conduct, they are said to "'sound in fraud' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (citation omitted). Rule 9(b) demands that the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001) (quoting *Neubronner v. Milken,* 6 F.3d 666, 671 (9th Cir.1993)). Averments of fraud must provide "the who, what, when, where, and how" of the alleged misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997).

Here, the gravamen of Plaintiff's complaint is that TGC made fraudulent transfers to Defendant as part of a Ponzi scheme, which Defendant knew or should have known. (*See* Dkt. No. 1 at 2, 10–11.) As such, the claims sound in fraud and must satisfy the heightened pleading standard. Fed. R. Civ. P. 9(b).

In her complaint, Plaintiff alleges that from June 16, 2016 through October 15, 2017, TGC made fraudulent transfers in the sum of at least $605,521.50 directly to Defendant.[3] (Dkt. No. 1 at 9.) Plaintiff further alleges the funds comprising those transfers were funds that TGC and/or Courtright fraudulently obtained from investors and/or creditors in the form of investments, fees and/or other payments made in connection with the Investor Agreements; that Defendant perpetuated that fraud with Courtright; and that Defendant received the funds in exchange for services which did not provide value to TGC. (*See* Dkt. 1 at 4, 9.) Further, courts have held the mere existence of a Ponzi scheme such as that alleged by Plaintiff is sufficient to establish actual *intent* to defraud. *Donell v. Kowell*, 533 F.3d 762, 767, 770 (9th Cir. 2008) (holding Ponzi Scheme allegations sufficient to establish intent under California's UFTA).

Accordingly, Plaintiff provides the "who, what, when, where, and how" of Defendant's misconduct. *See Vess*, 317 F.3d at 1106. Plaintiff alleges cognizable claims supported by sufficient factual allegations to give Defendant fair notice of the claims and to satisfy the particularity standard. The lack of further factual detail sought by Defendant can be addressed through discovery and does not warrant dismissal.

### C. Defendant's 2019 Bankruptcy Discharge

Defendant argues Plaintiff fails to state a claim upon which relief can be granted because his 2019 bankruptcy discharge excused him of the debts in question. (Dkt. No. 16 at 3–4 (citing Dkt. No. 16-1).) He argues the discharge "operates as a permanent injunction under [11 U.S.C. ]§ 524(a), which bars the commencement or continuation of an act to collect, recover, or offset any debt as a personal liability of the debtor." (Dkt. No. 16 at 3.) But there are circumstances under which a debt is nondischargeable.

---

[3] The sole example Defendant offers of Plaintiff's failure to meet the standard is that her exhibit, which purports to show the transfers to Defendant's account, is unauthenticated and does not contain substantive representations alleging fraud. (Dkt. No. 16 at 3 (citing Dkt. No. 1-1).) A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes. Fed. R. Civ. P. 10(c). Defendant provides no authority requiring that an attached exhibit to be authenticated for the purposes of ruling on a motion to dismiss. (Dkt. No. 16 at 3.) Whether the funds were transferred to Defendant's account as alleged, or done so fraudulently, are factual disputes not properly addressed through dismissal.

The lone authority Defendant cites, *Hazelquist v. Guchi Moochi Tackle, Co.*, Case No. C04-0316, Dkt. No. 50 (W.D. Wash. May 20, 2005), is factually distinguishable, and only serves to highlight the many ways a debt may be nondischargeable. Unlike Plaintiff, the plaintiff in *Hazelquist* attended the defendant's Chapter 7 bankruptcy proceedings, identifying himself as a creditor. *Hazelquist*, Case No. C04-0316-RSM, Dkt. No. 50 at 1. And, that plaintiff had filed suit for patent infringement *before* the defendant filed for bankruptcy. *Hazelquist v. Guchi Moochie Tackle Co.*, 437 F.3d 1178, 1179 (Fed. Cir. 2006). Nevertheless, the Federal Circuit *still* reversed the district court's decision to dismiss the patent infringement claims as subject to discharge, reasoning that, because some alleged acts of infringement occurred post-discharge, the discharge did not act as an injunction against the claims. *Id.* at 1180.

Defendant's discharge order confirms that it is not absolute, stating "most debts are covered by this discharge, but not all," and providing "some debts which the debtor did not properly list" as an example of nondischargeable debt. (Dkt. 16-1 at 2–3.) Moreover, it is not clear that Plaintiff is a creditor at all yet; it would appear the purpose of her lawsuit is to become one via a judgment. 11 U.S.C. § 101(10)(A) defines "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." Defendant's bankruptcy schedules and order of discharge list "Securities and Exchange Commission" as a creditor, but do not list TGC or The Income Store as a creditor. (Dkt. No. 21-1 at 2–7.) But even if Plaintiff were considered an entity whose causes of action arose before the discharge, exceptions to discharge exist for actual fraud as alleged in Plaintiff's complaint. *See* 11 USC § 523(a)(2)(A); *see also Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 356, 356 (2016) (holding the term "actual fraud" in § 523(a)(2)(A) encompasses fraudulent transfers). Absent more, Defendant's motion fails to demonstrate his bankruptcy discharge bars Plaintiff's claims.

### D.   Failure to Join an Indispensable Party

Finally, Defendant argues Plaintiff failed to join as a defendant an unnamed, purportedly indispensable party. (Dkt. No. 16 at 4.) He argues Plaintiff has not asserted a basis for piercing

the corporate veil or assigning personal liability to Defendant in his individual capacity. (*Id.* at 4–5.)

To determine whether a party is "indispensable" under Federal Rule of Civil Procedure 19, a court must undertake a two-part analysis: it must first determine if an absent party is necessary to the suit; then if the party cannot be joined, whether the party is indispensable so that in equity and good conscience the suit should be dismissed. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). Defendant refers to this indispensable party only as "a corporation" or "the third party corporate entity." (Dkt. No. 16 at 4.) Without identifying the party or its role in this matter, the Court cannot properly assess whether it is a necessary party that cannot be joined, and if so, whether it is indispensable to the action, warranting dismissal.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 16) is DENIED.

DATED this 12th day of October 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE